UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COOK,

        Plaintiff,                                    Hon. Robert J. Jonker

v.                                                        Case No. 1:16-cv-1460

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 57 years of age on his alleged disability onset date. (PageID.230). He successfully completed high school and worked previously as a hotel desk clerk, dishwasher, forklift operator, injection mold operator, and laborer. (PageID.77, 477). Plaintiff applied for benefits on August 25, 2009, alleging that he had been disabled since July 11, 2008, due to back impairments and high blood pressure. (PageID.230-36, 261).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.107-227). On May 17, 2011, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (PageID.73-105). The ALJ denied Plaintiff's application on the ground that Plaintiff did not suffer from a severe impairment. (PageID.131). The Appeals Council vacated this determination and remanded the matter for further administrative action. (PageID.131-33).

On May 1, 2012, ALJ Jones conducted another administrative hearing at which testimony was offered by Plaintiff and a vocational expert. (PageID.49-72). In a decision dated June 8, 2012, ALJ Jones again denied Plaintiff's application. (PageID.36-45). Specifically, the

ALJ determined that while Plaintiff did, in fact, suffer from a severe impairment he retained the ability to perform ability to perform work at all exertional levels subject to the single limitation that he only frequently engage in bilateral overhead reaching. (PageID.36-45). While the Appeals Council affirmed this decision, this Court vacated the ALJ's decision and remanded the matter for further administrative action. (PageID.575-84). Specifically, the Court concluded that "while the medical record certainly fails to demonstrate that Plaintiff is disabled, it is sufficient for the Court to conclude that the ALJ's RFC determination is not supported by substantial evidence." (PageID.582).

On December 30, 2015, Plaintiff appeared before ALJ James Kent with testimony being offered by Plaintiff and a vocational expert. (PageID.483-513). In a written decision dated March 16, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.470-78). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.463-66). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

       The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

       The ALJ determined that Plaintiff suffered from: (1) sciatica; (2) high blood pressure; and (3) cervical degenerative disc disease/spurring, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.473).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he requires the option to sit or stand at will, provided he is not off-task more than 10% of the work period; (2) he cannot climb ladders, ropes, or scaffolds; and (3) he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs.   (PageID.473).

A vocational expert testified that if limited to this extent, Plaintiff could still perform his past relevant work as a hotel clerk.   (PageID.504-07).   The vocational expert further testified that there existed approximately 138,000 jobs in the national economy which Plaintiff could perform consistent with his RFC.   (PageID.507-08).   Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.         The ALJ Properly Found that Plaintiff Could Perform his Past Relevant Work**

Based on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as a hotel clerk.   Plaintiff argues that he is entitled to relief because his previous job as a hotel clerk "no longer exists."   Plaintiff's argument fails for several reasons.

First, Plaintiff has failed to demonstrate that his past relevant work as a hotel clerk no longer exists.   The ALJ did indicate that Plaintiff's past relevant work as a hotel clerk, as actually performed, differed from the description of hotel clerk articulated in the Dictionary of Occupational Titles (DOT).   (PageID.504-07).   Contrary to Plaintiff's assertion, however, this

˘6˘

does not lead to the conclusion that the job of hotel clerk, as Plaintiff performed such, "does not exist." It is well accepted that there often exists conflict between the manner in which jobs are actually performed and their description in the DOT and, moreover, that the existence of such conflict "does not establish that [the jobs in question] do not exist." *Beinlich v. Commissioner of Social Security*, 345 Fed. Appx. 163, 168 (6th Cir., Sept. 9, 2009). Moreover, as the Supreme Court has clearly held, when assessing whether a claimant can perform his past relevant work, whether such jobs actually exist is not relevant. *See Barnhart v. Thomas*, 540 U.S. 20, 22-25 (2003); *Van Alstine v. Commissioner of Social Security*, 2009 WL 782297 at *7 (W.D. Mich., Mar. 19, 2009).

Finally, even if the Court assumes that the ALJ erred in finding that Plaintiff can perform his past relevant work as a hotel clerk, such error is harmless. As previously noted, the vocational expert testified that there existed approximately 138,000 jobs in the national economy which Plaintiff could perform consistent with his RFC. This represents a significant number of jobs. See *Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); Hall v. Bowen, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Thus, even if the Court assumes that the ALJ erred at step four of the analysis, such error is harmless because the evidence reveals that Plaintiff's claim would simply be denied at step five. Accordingly, this argument is rejected. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v.*

*Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture...'").

**II.        The ALJ's RFC Determination is Supported by Substantial Evidence**

Plaintiff next argues that he is entitled to relief because substantial evidence does not support the conclusion that he "has the ability to perform [a] full range of sedentary work." This argument fails for multiple reasons. First, the ALJ did not find that Plaintiff could perform a full range of work at the sedentary level. Instead, the ALJ determined that Plaintiff could perform only a limited range of sedentary work. Furthermore, this assessment is supported by substantial evidence.

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The medical evidence does not support Plaintiff's argument that he is more limited than the ALJ recognized. Physical examinations of Plaintiff were consistently unremarkable and

did not reveal findings inconsistent with the ALJ's decision. (PageID.315-16, 322-23, 332-33, 358-59, 715, 752, 794-98). Moreover, the physician who examined Plaintiff less than two months prior to the ALJ's decision observed that Plaintiff's subjective complaints were inconsistent with the results of his examination. (PageID.798). While a 2012 MRI examination revealed degenerative changes in Plaintiff's cervical and lumbar spines, the results of these examinations are not inconsistent with the ALJ's RFC assessment, a conclusion supported by the fact that none of Plaintiff's care providers articulated functional limitations inconsistent with the ALJ's RFC determination. Furthermore, the record reveals that Plaintiff received only conservative treatment, including recommendations to modify his diet and exercise regularly. (PageID.716). In sum, the ALJ's RFC assessment is supported by substantial evidence.

### III.        The ALJ Properly Assessed the Medical Opinion Evidence

On August 11, 2011, Dr. Thomas Stout completed a single page form questionnaire in which he selected "no" in response to the questions "can patient work at usual occupation?" and "can patient work at any job?" (PageID.785). Plaintiff asserts that he is entitled to relief because the ALJ did not afford controlling weight to Dr. Stout's conclusions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v.*

*Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

Plaintiff's claim fails for two reasons. First, the form that Dr. Stout completed does not constitute a "medical opinion" to which deference must be accorded. *See* 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2) (a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"); *see also*, *Ashley v. Commissioner of Social Security*, 2014 WL 1052357 at *7-8 (W.D. Mich., Mar. 19, 2014) (where "check-box forms" are unaccompanied by explanation, treatment notes, or other evidence, ALJ properly rejected such). The doctor did not articulate any functional limitations for Plaintiff, but instead simply asserted the conclusion that Plaintiff is unable to work. However, the determination whether a claimant is disabled is a matter reserved to the Commissioner. *See* 20

C.F.R. § 404.1527(d)(1).  Second, to the extent Dr. Stout's conclusion is interpreted as asserting the opinion that Plaintiff is limited to a greater extent than the ALJ recognized, such is not supported by the medical evidence as the discussion above reveals.  Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: December 29, 2017             /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     U.S. Magistrate Judge